UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACATAWA BANK,

    Plaintiff,                                       Hon. Janet T. Neff

v.                                             Case No. 1:16-CV-1047

TIMOTHY and MARCIA COMMAND,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This matter is before the Court on Defendants' Motion for Temporary Restraining Order, (ECF No. 5), and Plaintiff's Motion to Remand, (ECF No. 10). In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for resolution of dispositive motions,[1] the undersigned recommends that Defendants' Motion for Temporary Restraining Order, (ECF No. 5), be **denied** and Plaintiff's Motion to Remand, (ECF No. 10), be **granted**.

**BACKGROUND**

        On September 11, 2015, Macatawa Bank initiated in state court an action to "recover possession of property." (PageID.555-58). In short, the present action seeks to evict Defendants from their former residence which was sold following a separate state court action awarding to Macatawa a judgment and order of foreclosure. (PageID.498-553). On August 24, 2016, almost one year after the

---

[1] The Sixth Circuit has held that motions to remand are "dispositive" and, therefore "can only be entered by district courts." *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 517 (6th Cir. 2001).

present action was initiated, Defendants removed the matter to this Court. (ECF No. 1). The following day, Defendants moved for a temporary restraining order prohibiting their eviction from the subject property. (ECF No. 5). Plaintiff has since moved to remand this matter to state court. (ECF No. 10).

I.          **Defendants' Motion for Temporary Restraining Order**

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion").

As detailed by Plaintiff in their pleadings and exhibits, the question of disposition and ownership of Defendants' former residence has been litigated to conclusion. Macatawa has already obtained a judgment and order authorizing foreclosure pursuant to which the house in question was sold

almost 18 months ago. Defendants have presented neither evidence nor argument suggesting that there exists any reasonable likelihood that they can prevail on the merits of the present action by Macatawa to evict Defendants from the property in question. The other factors likewise weigh in favor of denying Defendants' request. Accordingly, the undersigned recommends that Defendants' motion for temporary restraining order be denied.

**II.        Plaintiff's Motion to Remand**

Plaintiff requests that this matter be remanded to state court on two grounds: (1) this Court lacks subject matter jurisdiction and (2) Defendants' waived their right to removal. Plaintiff's motion to remand is timely filed. *See* 28 U.S.C. § 1447(c). While Plaintiff's waiver argument is not unpersuasive, questions of waiver oftentimes turn on matters requiring factual development and interpretation of a party's knowledge and motivations. Rather than wade into this particular thicket, the Court opts to instead recommend remand based on a more fundamental, and more easily established, rationale.

Federal district courts have original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States" as well as actions where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. §§ 1331, 1332. Any civil action asserted in a state court over which a federal district court has original jurisdiction, "may be removed by the defendant. . .to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendants, as the party seeking removal, "bear[] the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007).

Defendants, who are Michigan citizens, assert that diversity jurisdiction exists because Macatawa is a citizen of Texas. The Court need not resolve this particular issue, however, because removal, based on diversity jurisdiction, is not proper regardless because Defendants are Michigan citizens. *See* 28 U.S.C. § 1441(b)(2) (removal based on diversity jurisdiction is not permitted if any defendant "is a citizen of the State in which such action is brought"). Thus, removal of this action to this Court is proper only if the claims asserted in Plaintiff's well-pleaded complaint arise under federal law.

A claim arises under federal law if: (1) the cause of action is "created by federal law" or (2) if it is a state law claim which "implicate[s] significant federal issues." *Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 711 (6th Cir. 2012). The present eviction action is neither created by federal law nor implicates significant federal issues. *See, e.g., Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 912-15 (6th Cir. 2007) (there exists no basis for removing state law foreclosure action to federal court); *Better Homes Depot, Inc. v. Weaver*, 2010 WL 2977447 at *1-2 (E.D.N.Y., July 21, 2010) (same). Because this Court cannot exercise subject matter jurisdiction over Plaintiff's state law claim, this matter must be remanded to state court. *See* 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Temporary Restraining Order, (ECF No. 5), be **denied** and Plaintiff's Motion to Remand, (ECF No. 10), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 31, 2016        /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge