UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACATAWA BANK,

    Plaintiff,

v.

TIMOTHY COMMAND and
MARCIA COMMAND,

    Defendants.
_____/

Case No. 1:16-cv-1047

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff initiated this case against Defendants, who are proceeding pro se, in state court to evict Defendants from a particular piece of real property. Defendants counterclaimed and removed the case to this Court (Dkt 1). Defendants also filed a Motion for Temporary Restraining Order, seeking to enjoin enforcement of any "proceedings, orders, or writs, on or after 8-24-2016, against [Defendants] and their Homestead Real Property, pending hearing . . . " (Dkt 5 at PageID.302). Plaintiff responded (Dkt 12) and filed a motion to have the case remanded back to state court (Dkt 10). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (Dkt 20) on August 31, 2016, recommending that this Court deny Defendants' Motion for Temporary Restraining Order and grant Plaintiff's Motion to Remand (*id*. at PageID.704).

Pending before the Court is Defendants' "Response in Opposition to Report and Recommendation and Defendants['] Response in Opposition to Plaintiff's Motion to Remand After Removal" (Dkt 28). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation

to which objections have been made. The Court denies the objections and issues this Opinion and Order.

The Magistrate Judge recommended denying Defendants' Motion for Temporary Restraining Order (Dkt 5) because Defendants failed to show that any of the factors relevant to the determination of injunctive relief weighed in their favor (Dkt 20 at PageID.702–03). *See Samuel v. Herrick Mem'l Hosp.*, 201 F.3d 830, 833 (6th Cir. 2000) (delineating the factors to consider when deciding whether to grant injunctive relief). Specifically, the Magistrate Judge held that Defendants presented neither evidence nor argument suggesting that there exists "any reasonable likelihood that they can prevail on the merits of the present action" (Dkt 29 at PageID.703).

In their objections, Defendants reiterate their position that they would succeed on the merits and that they would suffer irreparable harm absent injunctive relief (Dkt 28 at PageID.1119). However, Defendants' mere disagreement with the Magistrate Judge's recommendation does not warrant its rejection, as Defendants' motion still suffers from the same deficiencies identified by the Magistrate Judge.

Defendants also disagree with the Magistrate Judge's recommendation that Plaintiff's Motion to Remand should be granted. Concerning diversity jurisdiction, Defendants assert that "Plaintiff is from Texas, not Michigan as purported, and is [n]ot a [b]ank as purported . . . " (Dkt 28 at PageID.1118). The Magistrate Judge properly noted that Defendants are Michigan citizens; thus, they could not remove the case to this Court (Dkt 20 at PageID.704, citing 28 U.S.C. § 1441(b)(2) (removal based on diversity jurisdiction not permitted if any defendant "is a citizen of the State in which such action is brought")). Therefore, regardless of Plaintiff's citizenship, there is no basis for

removal based upon diversity jurisdiction because Defendants dwell in Michigan, the forum state of the original complaint. The Magistrate Judge did not err in so concluding.

Defendants also assert that federal question jurisdiction exists, citing to numerous statutes and constitutional provisions upon which they believe *their counterclaim and defenses* lie (*see* Dkt 28 at *passim*). Defendants' assertion lacks merit. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (quoting *Caterpiller Inc. v. Williams*, 482 U.S. 386, 392 (1987)). For removal purposes, courts do not consider potential defenses or counterclaims. *Id.* (no defenses); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002) (no counterclaims). Therefore, regardless of Defendants' asserted defenses or counterclaims, the Magistrate Judge, in considering Plaintiff's well-pleaded complaint, did not err in concluding that no federal question exists.

Accordingly, the Court approves and adopts the Report and Recommendation as its opinion. In doing so, the Court finds Defendants' Proposed Order (Dkt 29) moot.

**THEREFORE, IT IS ORDERED** that the Objections (Dkt 28) are DENIED and the Report and Recommendation (Dkt 20) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Dkt 10) is GRANTED, and this matter is REMANDED to the court from which it was removed.

**IT IS FURTHER ORDERED** that Defendants' Motion for Temporary Restraining Order (Dkt 5) is DENIED.

Date: November 28, 2016         /s/ Janet T. Neff
                                JANET T. NEFF
                                United States District Judge

3